Citation Nr: 1641932 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 08-35 234 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for a neck disability.

2. Entitlement to service connection for a back disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Matta, Associate Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty from August 1982 to January 1993. These matters are before the Board of Veterans' Appeals (Board) on appeal from a January 2008 rating decision by the St. Louis, Missouri Department of Veterans Affairs (VA) Regional Office (RO). In January 2012 and September 2015, these matters were remanded for additional development (by a Veterans Law Judge other than the undersigned); the case is now before the undersigned.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.


REMAND

Although the Board regrets the additional delay, further development of the record is necessary to comply with VA's duty to assist the Veteran in the development of facts pertinent to his claims. See 38 C.F.R. § 3.159. Specifically, where the remand orders of the Board are not fully complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998). The Board finds that a new examination is necessary to properly address the Veteran's claims of service connection for neck and back disabilities.

The September 2015 remand instructed the AOJ to obtain an addendum to the May 2012 VA examination and to instruct the examiner to determine whether the Veteran's current cervical and lumbar strains are related to his service, to include complaints of neck and back pain during service. The examiner was instructed to set forth a complete rationale for all opinions expressed and conclusions reached.

In a November 2015 addendum, the author of the May 2012 VA examination report confirmed that he reviewed the Veteran's claims file and his May 2012 report. After noting a number of neck and back complaints in the Veteran's service treatment records, he opined that he found no relationship between the Veteran's current cervical and lumbar strains and his service. Specifically, he did not find "any rational medical nexus between the [V]eteran's current findings and symptoms and the occasions for which he was seen in [service]." The Board finds the November 2015 VA addendum opinion inadequate as it fails to include any rationale for his blanket conclusion that there is no "rational medical nexus" between the Veteran's current cervical and lumbar strains and his service. Most of the probative value of an opinion comes from its underlying reasoning or explanatory rationale, not just from review of the claims file or the ultimate response. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (holding that a medical opinion should contain a conclusion and a reference to supporting data with a "reasoned medical explanation connecting the two"). Accordingly, a new examination is warranted to address the medical questions that remain unanswered.

Additionally, the Veteran reported during his May 2012 VA examination that he is required to undergo a yearly physical in his employment as a police officer. The Board believes that these records should be obtained, as they may contain evidence to show continuity of symptoms between service discharge and the claim filed in May 2007.

Accordingly, the case is REMANDED for the following:

1. The AOJ should obtain the names and addresses of all medical care providers who treated the Veteran for his neck and back disabilities since service. After securing the necessary release(s), the AOJ should obtain these records. The AOJ should specifically request that the Veteran provide the necessary authorizations to obtain the medical records associated with his yearly physicals from his employment as a police officer (as discussed during his May 2012 VA examination). 

2. Thereafter, the AOJ should arrange for an orthopedic examination of the Veteran to determine the likely etiology of his neck and back disabilities. The examination should be conducted by a physician who has not previously examined the Veteran. The entire record must be reviewed by the examiner in conjunction with the examination. Based on interview and examination of the Veteran and review of his record (and noting his complaints of neck and back pain in service, his reports of continuity of complaints postservice, and his postservice occupation as a police officer), the examiner should provide opinions that respond to the following:

(a) Please identify (by diagnosis) each neck and back disability entity found.

(b) Please identify the likely etiology for each neck and back disability entity diagnosed. Specifically, is it at least as likely as not (a 50% or better probability) that such was incurred in, or is directly related to, his service (including as due to the reports of neck and back injuries/pain during service)? If not, please identify the etiological factor(s) for the diagnosed neck and back disability(ies) considered more likely. The examiner should specifically consider and address any pertinent findings in the Veteran's service treatment records.

The examiner should include rationale with all opinions, and should take into consideration that the Veteran is competent to report in-service and postservice symptom experiences. 

3. The AOJ should then review the record and re-adjudicate the claims. If either remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).



_________________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2015), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).